IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Earl Womble, #96139, | ) |
| Plaintiff, | ) C/A No. 9:18-2625-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Doctor Robert Williams, Captain Katherine Tucker, and Nurse Will Schultz, | ) |
| Defendants. | ) |

Plaintiff Johnny Earl Womble is an inmate in custody of the South Carolina Department of Corrections. He is housed at Kirkland Correctional Institution in Columbia, South Carolina. At the time of the underlying events, Plaintiff was a pretrial detainee at the Laurens County Detention Center (LCDC) in Laurens, South Carolina, having been detained subsequent to his arrest on April 12, 2018. On September 26, 2018, Plaintiff, proceeding pro se, filed a complaint alleging that:

> I was injured during my arrest. I asked for help and was refused. after a time I was given medicine by the doctor, and then refused any further treatment or doctor visits for follow up.

ECF No. 1.

Plaintiff brings his action pursuant to 42 U.S.C. § 1983. He seeks injunctive relief[1] and damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

Defendant Katherine Tucker filed a motion for summary judgment on June 6, 2019. On June 10, 2019, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge

---

[1] Because Plaintiff no longer is incarcerated at LCDC, his request for injunctive relief is moot. See Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-49 (4th Cir. 2005).

advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. On August 9, 2019, Defendant Doctor Robert Williams filed a motion for summary judgment. A second Roseboro order was filed on August 12, 2019. On September 9, 2019, Plaintiff filed a joint response in opposition to the motions for summary judgment, to which Defendant Williams and Defendant Tucker filed replies on September 16, 2019.[2]

The Magistrate Judge reviewed the motions for summary judgment and issued a Report and Recommendation on October 16, 2019. The Magistrate Judge observed that Plaintiff's claim for damages is evaluated under the due process clause of the Fourteenth Amendment. Citing Scarbo v. New Hanover County, 374 F. App'x 366, 370 (4th Cir. 2010), the Magistrate Judge further observed that, in order to survive summary judgment, Plaintiff must have sufficient evidence to create a genuine issue of fact that Defendants were deliberately indifferent to his serious medical needs.

The Magistrate Judge reviewed the record and found that Defendant received continuous and ongoing treatment for his medical complaints while housed at LCDC. The Magistrate Judge noted that, according to Defendant Williams, Plaintiff received the standard inmate medical screening after his arrest and did not complain about hip pain at that time. Defendant Williams attested that Plaintiff was prescribed medication for high blood pressure and was placed on a heart healthy medical diet during his confinement at LCDC. He also was treated for liver disease.

Plaintiff requested an x-ray be performed on his hip on July 16, 2018. According to Dr. Williams, this request represented the first time Plaintiff complained about pain in his hip. Plaintiff was informed the x-ray was not medically necessary. According to Dr. Williams, Plaintiff did not

---

[2] Defendant Nurse Will Schultz has not been served with process in this case and is subject to dismissal pursuant to Fed. R. Civ. P. 4(m).

complain of hip pain on subsequent visits to medical personnel. In respect to his other medical issues, Plaintiff received treatment, including an ultrasound examination, lab tests, and a CT scan. He was prescribed Clonidine, Constulose, Metroprolol Tartrate, and Omeprazale to treat his liver disease and high blood pressure, as well as Lisionpril, Zantac, Prednisone, Ranitidine, and Priolsec for other maladies. See generally Affidavit of Robert Williams, M.D., ECF No. 47-1, 3-5; Affidavit of Sergeant Kathy Tucker, ECF No. 39-2 (including attached medical records).

The Magistrate Judge determined that Plaintiff had failed to show Defendants were deliberately indifferent to his serious medical needs. Accordingly, he recommended that Defendants' motions for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants Williams' and Tucker's motions for summary judgment (ECF Nos. 39 and 47) are **granted**. Defendant Schultz is **dismissed**

**without prejudice** pursuant to Fed. R. Civ. P. 4(m).

       **IT IS SO ORDERED**.

                                                         /s/ Margaret B. Seymour
                                                       Senior United States District Judge

Charleston, South Carolina

February 11, 2020